Gaston, Judge,
 

 having stated the case as above, proceeded :—
 

 • In our opinion, the daughters have clearly the right in this controversy. The general rule is indisputable, that the personal estate is the first and natural fund for the payment of debts, and the real estate is not to be made liable thereto, except to supply the deficiency of the personal. It is sought, in this case, to subject the proceeds of the land devised to the daughters, because by the direction of the testator to sell the land, he turned it, in the contemplation of a Court of Equity; into personalty, and
 
 *490
 
 made it a part of his general personal estate. This position, to the extent to which it is pressed, is untenable. The real estate directed to be sold, was at the time of the 'testator’s death, land. By the will it was to remain land until sold, and it was directed to be sold only for the convenience of division between the -devisees. It was impressed with the character of personalty so far as was necessary to effectuate the testator’s purpose, but -no further. Every person taking an interest under a will, in the produce of land directed to be sold, is in truth a devisee, and not a legatee. As he takes from the bounty of the devisor, he must receive what is given, in the <luality which the devisor has impressed upon it. The devisor has given, not the land, but the price of land ; and although the trustee is not bound to sell-, if
 
 the cestui que trust
 
 will take the land itself, yet the land in the hand of . ... the
 
 cestui que trust, is,
 
 in equity, regarded as personalty; an<^ ^ die without any act to change its quality, it is personalty as between his héir and executor. The devisor m'ght, if he pleased
 
 (see Kidney
 
 v.
 
 Consmaher,
 
 1 Ves. Jr. 436, and 2d lb. 267,) have converted the land into money out and-out, and then from the whole context of the will, it would have been open for consideration, whether it was made an auxiliary fund for the payment of debts, or was thrown into the ordinary fund as apart thereof j or constituted the primary fund in exoneration of the personal estate- But even in these cases, the executors take as devisees, it is not strictly a part of the testator’s general personal estate, but real assets, applicable in their hands to the payment of debts, because-devised to them,in trust •to be so applied. And in England, however it may be with us, the proceeds of land so converted, are held to be equitable, and not
 
 legal
 
 assets.
 
 Barker
 
 v.
 
 May,
 
 9 Barn. and Cress. 489, (17 Eng. Com. Law Reps. 426.) But a ■conversion of land into money, directed for the benefit of .the devisees, creates no charge upon the land for the payment of debts, and does not make the proceeds either legal or equitable assets, in the hands of an executor. He holds these proceeds simply as a trustee for the devisees.
 
 Gibbs
 
 
 *491
 
 v. Angier, 12 Ves. 413; and see
 
 Smith
 
 v.
 
 Claxton,
 
 4 Mad. 484.
 

 
 *490
 
 The person entitled to ceedsof land directed by a tes-tatortobe take the^ land itself sale'buVit is regarded personalty^ .and if he changing ifwilTbe7 personalty, his^heh'6611 and execute'
 

 
 *491
 
 Although a Court of Equity may, when it is applied to for the settlement of an estate! determine the question of the commissions to be allowed the executor, as incidental to the main question, yet it will never do so without a reference.
 

 The bill submits to the Court also the quantum of commissions to which the executor is entitled. The ordinary-tribunal for deciding_ on such a question, is the County Court, and although when a Court of Equity is resorted to for the settlement of an estate, it may as incidental to the exercise of this jurisdiction, determine that question also, it ought to have the materials before it, as far as practicable, to enable it to form an advised judgment. We should require for that purpose, an examination by a commissioner, of the nature and quality of the services rendered by the executor, and a report from him, before We acted upon the subject. This has not been moved for, and we should not direct it without a motion. It will produce costs which neither party may be willing to incur.
 

 It is highly probable that the declaration of our opinion on the main question in controversy, will enable the parties to come to a complete settlement. If it should not, either party may hereafter move in the cause as he may be advised.
 

 Per
 
 Cum am. Declare accordingly.